IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BILLINGS DIVISION

| | |
|---|---|
| REV. CALVIN WARREN,<br><br>Plaintiff,<br><br>vs.<br><br>CROWNE PLAZA HOTEL,<br><br>Defendant. | Cause No. CV-09-0036-BLG-RFC-CSO<br><br>FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE TO DENY MOTION TO PROCEED IN FORMA PAUPERIS AND DISMISS COMPLAINT |

This matter comes before the Court on Plaintiff Rev. Calvin Warren's Motion to Proceed In Forma Pauperis ("IFP").  (Court's Doc. No. 1). Warren is proceeding pro se.

On April 27, 2009, the Court issued an Order returning Warren's motion to proceed in forma pauperis for two reasons.  First, the motion was not notarized and secondly because Warren filed a second lawsuit

on April 21, 2009, indicating he was employed, earning $8.75 per hour, and had approximately $500.00 in his bank accounts.  Given this information, the Court deemed it appropriate for Warren to file an updated motion so his financial condition could be accurately reflected. (Court's Doc. No. 4).

Warren was given to May 8, 2009, to refile his Motion.  He did not do so.  Accordingly, Warren's Motion to Proceed in Forma Pauperis should be denied and this matter dismissed as a sanction for failing to comply with a Court order.

The trial court has discretion under Fed.R.Civ.P. 41(b) to dismiss an action for failure to comply with a court order.  Fendler v. Westgate-California Corp., 527 F.2d 1168, 1170 (9th Cir. 1975).  The Court must consider the following factors before imposing dismissal as a sanction for failure to prosecute or failure to comply with a court order:  (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits.

Pagtalunan v. Galaza, 291 F.3d 639 (9th Cir. 2002) (citing Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992)); see also Dahl v. City of Huntington Beach, 84 F.3d 363, 366 (9th Cir. 1996); Thompson v. Housing Auth. of Los Angeles, 782 F.2d 829, 831 (9th Cir. 1986) (per curiam), cert. denied, 479 U.S. 829 (1986).

"The public's interest in expeditious resolution of litigation always favors dismissal." Yourish v. California Amplifier, 191 F.3d 983, 990 (9th Cir. 1999). Given Warren's failure to respond to the Court's prior Order, this factor weighs in favor of dismissal.

"The trial judge is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest." Pagtalunan, 291 F.3d 639 (citing Yourish, 191 F.3d 983). The Court cannot make an accurate determination of Warren's financial status without an updated motion. The Court must be able to manage its docket and it cannot do so if Warren does not communicate with the Court as ordered. Therefore, this factor favors dismissal.

"To prove prejudice, a defendant must establish that plaintiff's actions impaired defendant's ability to proceed to trial or threatened to

interfere with the rightful decision of the case." Malone v. United States Postal Service, 833 F.2d 128, 131 (9th Cir. 1987).  Defendants have not yet been served in this case and thus there is no immediate prejudice.  However, given Warren's failure to respond, the matter could linger indefinitely and prejudice Defendants.

The Court has considered the possibility of and provided less drastic alternatives.  Alternatives may include "allowing further amended complaints, allowing additional time, or insisting that appellant associate experienced counsel." Nevijel v. North Coast Life Insurance Co., 651 F.2d 671, 674 (9th Cir. 1981).  Although the court should consider less drastic alternatives to a dismissal, the court is not required to exhaust all such alternatives prior to dismissal. Id.  Where the Court has already given Warren almost one full additional month to file an updated IFP application, there are no other reasonable alternatives to dismissal.  Warren will have an opportunity to file objections to these Findings and Recommendations, which will provide Warren an opportunity to challenge this ruling.

The last factor weighs against denial of the Complaint because

public policy favors the disposition of cases on their merits. Pagtalunan, 291 F.3d 639 (citing Hernandez v. City of El Monte, 138 F.3d 393, 399 (9th Cir. 1998)). However, the Court finds the other four factors weigh in favor of dismissal and therefore dismissal is an appropriate sanction in this matter.

Accordingly, it being found that Warren has failed comply with a Court Order and the Court finding the relevant factors weigh in favor of dismissal, the Court will recommend Warren's Complaint be dismissed.

Based upon the foregoing, the Court issues the following:

### RECOMMENDATION

1. Warren's Motion to Proceed in Forma Pauperis (Court's Doc. No. 1) should be DENIED and this matter DISMISSED as a sanction for failing to comply with this Court's Order.

2. The Clerk of Court should be directed to close this matter and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

3. At all times during the pendency of this action, Warren

SHALL IMMEDIATELY ADVISE the Court of any change of address and its effective date.  Such notice shall be captioned "NOTICE OF CHANGE OF ADDRESS."  The notice shall contain only information pertaining to the change of address and its effective date.  The notice shall not include any motions for any other relief.  Failure to file a NOTICE OF CHANGE OF ADDRESS may result in the dismissal of the action for failure to prosecute pursuant to Fed.R.Civ.P. 41(b).

### NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), Warren may serve and file written objections to this Findings and Recommendation within ten (10) business days of the date entered as indicated on the Notice of Electronic Filing.  Any such filing should be captioned "Objections to Magistrate Judge's Findings and Recommendation."

A district judge will make a de novo determination of those portions of the Findings and Recommendation to which objection is made.  The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendation.  Failure to timely file written

objections may bar a de novo determination by the district judge and may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

This Recommendation is not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed.R.Civ.P. 4(a)(1), should not be filed until entry of the District Court's final judgment.

DATED this 28th day of May, 2009.

/s/ *Carolyn S. Ostby*
Carolyn S. Ostby
United States Magistrate Judge